STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED

February 4, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**WILLIAM WILSON,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0875** (BOR Appeal No. 2049532)
                    (Claim No. 2013004261)

**AUTOMATED PACKAGING SYSTEMS, INC.,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner William Wilson, by William B. Gerwig III, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Automated Packaging Systems, Inc., by Maureen Kowalski, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 26, 2014, in which the Board affirmed a June 13, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's May 21, 2013, decision to grant Mr. Wilson a 0% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Wilson a machine operator for Automated Packaging Systems, Inc., helped another employee lift a scrap metal bin on August 6, 2012. While lifting and turning he felt pain in his lower back. Mr. Wilson did not report the injury that day but sought treatment shortly thereafter. On May 14, 2013, a report from Joseph E. Grady II, M.D., was completed. Dr. Grady stated that the compensable condition was a lumbar strain with S1 joint dysfunction. An x-ray performed on August 7, 2012, showed mild diffuse arthritis. An MRI was performed, which showed spinal

1

stenosis. No back surgery was recommended but physical therapy was performed, and it provided Mr. Wilson with some relief.

On December 17, 2012, Mr. Wilson was released to return to work. Dr. Grady performed a range-of-motion exam on his low back. He stated that the ranges of motion were at least partially inhibited due to complaints of discomfort. Dr. Grady also felt that the measurements were inconsistent. Mr. Wilson was able to bend over to pick up items he dropped from his pocket in the exam room but was unable to so when Dr. Grady was measuring his disability. Dr. Grady advised that Mr. Wilson was able to squat, but had difficulty due to discomfort in his low back. He also noted some diffuse tenderness to palpation in his lumbosacral paraspinal muscle on the left but not right. Under Table 75, of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), Dr. Grady found no specific ratable criteria from this injury. He found a total of 2% impairment for right and left lateral flexion of the lumbar spine. Dr. Grady placed Mr. Wilson in Lumbar Category I of West Virginia Code of State Rules § 85-20-C (2006), because there was no ratable criteria that would justify placing Mr. Wilson in a higher category for his lumbar injury. Thus he found that there was no impairment for this injury. On May 21, 2013, the claims administrator adopted Dr. Grady's conclusions and granted Mr. Wilson a 0% permanent partial disability award.

The Office of Judges determined that Mr. Wilson was not entitled to any more than a 0% permanent partial disability award. The Office of Judges noted that the only medical evidence in the record was the report of Dr. Grady. The Office of Judges recognized Mr. Wilson's argument that Dr. Grady should have placed him in Category II of West Virginia Code of State Rules § 85-20-C instead of Category I. However, the Office of Judges was not persuaded by Mr. Wilson's argument. The Office of Judges found that Dr. Grady considered placing Mr. Wilson in Category II of West Virginia Code of State Rules § 85-20-C but could not find a reason to do so. Because Dr. Grady's evaluation provided the only medical opinion and it was not contradicted by credible evidence, the Office of Judges accepted his conclusions. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the consistent decisions of the Office of Judges and the Board of Review. The only medical evidence of record was Dr. Grady's report. Dr. Grady's well-reasoned report demonstrated that Mr. Wilson was not entitled to any more than a 0% permanent partial disability award. Because Mr. Wilson has not provided sufficient credible evidence to show that Dr. Grady's report was deficient, it was not in error for the Office of Judges and Board of Review to adopt his position.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   February 4, 2016**


**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II